UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THOMAS F. COOLEY,
Plaintiff

VS. C. A. NO. 04-338 S

CORNELL CORRECTIONS DONALD
W. WYATT, D.F. USA, ECT, ET AL,
Defendants

**CORNELL CORRECTIONS OF RHODE ISLAND, INC. AND CORNELL COMPANIES, INC.'S (WRONGFULLY DESIGNATED AS CORNELL CORRECTIONS DONALD W. WYATT OR CORNELL CORRECTIONS, U.S.A.) OBJECTION TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO CONDUCT DISCOVERY**

Cornell Corrections of Rhode Island, Inc. and Cornell Companies, Inc. ("Cornell") (wrongfully designated as Cornell Corrections Donald W. Wyatt or Cornell Corrections, U.S.A.), hereby objects to the plaintiff's motion for enlargement of time to conduct discovery. As grounds, Cornell relies upon and incorporates by reference the supporting memorandum of law filed herewith.

WHEREFORE, the plaintiff's motion for enlargement of time to conduct discovery should be denied.

Respectfully Submitted,
Cornell Corrections of Rhode Island, Inc. and
Cornell Companies, Inc.,
By their attorneys,

Dennis T. Grieco, II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644 - Fax: 331-9304

**CERTIFICATION**

Thomas F. Cooley, Pro Se
ID W84908
Old Colony Correctional Center
1 Administration Rd.
Bridgewater, MA 02324

I hereby certify that on the 7th day of October 2005, a true and accurate copy of the within was served upon the above-named plaintiff.

Glen Carpenter

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THOMAS F. COOLEY,
Plaintiff

VS. C. A. NO. 04-338 S

CORNELL CORRECTIONS DONALD
W. WYATT, D.F. USA, ECT, ET AL,
Defendants

**MEMORANDUM OF CORNELL CORRECTIONS OF RHODE ISLAND, INC. AND CORNELL COMPANIES, INC. (WRONGFULLY DESIGNATED AS CORNELL CORRECTIONS DONALD W. WYATT OR CORNELL CORRECTIONS, U.S.A.) IN SUPPORT OF OBJECTION TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO CONDUCT DISCOVERY**

Cornell Corrections of Rhode Island, Inc. and Cornell Companies, Inc. ("Cornell") (wrongfully designated as Cornell Corrections Donald W. Wyatt or Cornell Corrections, U.S.A.), hereby objects to plaintiff's motion for enlargement of time to conduct discovery in the above-captioned matter. The Plaintiff has not shown good cause for his failure to comply with this Court's discovery order. As such the Plaintiff's request should be denied.

## BACKGROUND

The Plaintiff, Thomas F. Cooley, originally filed his complaint in the above-entitled action on August 9, 2004, alleging injuries resulting from events occurring between April and August 2002. On January 27, 2005, this Court issued a Pretrial Order establishing the deadline for fact discovery as February 28, 2005. See Pretrial Order (dated Jan. 27, 2005) at ¶ 1. This Court thereafter granted the Plaintiff's and Cornell's requests for additional time for discovery, re-setting the fact discovery deadline to September 28, 2005. See Order, attached hereto as **Exhibit A**, at ¶ 1. The Plaintiff did not conduct any fact discovery throughout these time periods. On September 23, 2005, the Plaintiff filed a Motion for Enlargement of Time to

conduct discovery, stating as grounds that he "is not able to complete this order on time due to some on going difficulties in preparing these discovery and the deadlines that follows above in this case, title, action above." See Motion for Enlargement of Time, attached hereto as **Exhibit B**, at 2.

## ARGUMENT

The Plaintiff's motion for enlargement of time to conduct discovery should be denied. The Plaintiff has not shown good cause for his failure to comply with this Court's discovery order. Having failed to meet this burden, the Plaintiff's motion should be denied.

### I. STANDARD FOR ENLARGEMENT OF TIME

Federal Rule of Civil Procedure 6(b) governs enlargements of time and provides as follows:

> When . . . by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Civ. P. 6(b) (emphasis added).

"In exercising discretion regarding enlargements of time, courts should be mindful that the rules are intended to force parties and their attorneys to be diligent in prosecuting their causes of action. Deadlines, in the law business, serve a useful purpose and reasonable adherence to them is to be encouraged." Spears v. City of Indianapolis, 74 F.3d 153, 157 (7th Cir. 1996) (citing Fed. R. Civ. P. 6(b)(1)) (internal quotation omitted). Thus, Rule 6(b) requires that the party requesting enlargement show cause for his inability to meet the deadline originally prescribed. Fed. R. Civ. P. 6(b)(1).

"Because the district court may exercise its discretion under Rule 6(b)(1) only for 'cause shown,' a party must demonstrate some justification for the issuance of the enlargement order." Kernisant v. City of New York, 225 F.R.D. 422, 431 (E.D.N.Y. 2005) (citing Davidson v. Keenan, 740 F.2d 129, 132 (2d Cir.1984)); Wright & Miller, Federal Practice and Procedure: Civil 3d § 1165.

## II. THE PLAINTIFF'S MOTION FOR ENLARGEMENT SHOULD BE DENIED BECAUSE THE PLAINTIFF HAS NOT SHOWN GOOD CAUSE FOR HIS FAILURE TO CONDUCT DISCOVERY WITHIN THE TIME LIMITS ESTABLISHED BY THIS COURT

"In determining whether good cause exists, a court's primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997) (holding that the district court did not abuse its discretion in finding that good cause had not been shown, since the movant had presented "no explanations as to what, if any, circumstances constituted sufficient good cause" to excuse his lack of diligence). One district court has declined to exercise its discretion under Rule 4(m) to extend the time for service despite a lack of good cause, because the plaintiff "offered *no reason* [the] Court should do so" and had "given the Court no reason to expect his level of attention to [the] case [would] improve with time or with another chance to serve his complaint belatedly." Toney v. Seibert, 2005 WL 2219477, at *3 (W.D.Pa. 2005) (slip copy) (emphasis in original).

In this vein, while most courts have liberally interpreted Rule 6(b), "a litigant cannot avail himself of such a principle until he has first put forward sufficient facts upon which it can operate." Friendly Finance Corp. v. Calise, 250 A.2d 709 (R.I. 1969). Thus, the Supreme Court of Rhode Island has held that an affidavit setting forth no facts tending to show that the affiant's erroneous conclusions were well founded did not establish good cause under Rule 6(b) for his resulting "dilatory conduct." Id.

Similarly, in the present case, the Plaintiff has provided no explanations as to what, if any, circumstances constituted sufficient good cause to excuse his lack of diligence in conducting discovery. His motion for enlargement states as grounds merely that he has experienced "some ongoing difficulties" in preparing his discovery. See **Exhibit B**. He has not, however, set forth the nature of these difficulties. The Plaintiff thus has not set forth sufficient facts upon which this Court can make a determination of good cause. The Plaintiff therefore cannot make the requisite showing of good cause as required by Fed. R. Civ. P. 6(b), and an enlargement of time in this case is improper.

Furthermore, one district court has denied enlargement pursuant to facts virtually identical to the case at bar. In Lockwood v. City of Philadelphia, 205 F.R.D. 448 (E.D. Penn. 2002), the plaintiff failed to conduct discovery within the time frame set by the court and, when the discovery deadline was imminent, filed a motion for additional time under Fed. R. Civ. P. 6(b). The court denied her motion, explaining that

> Lockwood provided no explanation for her failure to conduct any discovery during the sixty-day period that I generously granted in my [order granting the plaintiff additional time to conduct discovery]. Lockwood failed to conduct discovery during this period. An extension of discovery would unfairly expose the individual [defendants] to further factual inquiry aimed at justifying litigation against them almost four years after the underlying incident is alleged to have occurred.

Id. at 450.

The facts of the present case are analogous to those of Lockwood. This Court has already afforded the Plaintiff with additional time in which to conduct discovery. See **Exhibit A**. The Plaintiff has had more than eight (8) months to complete discovery since the date of the pre-trial conference on January 27, 2005. Nevertheless, the Plaintiff has failed to conduct any discovery to date. The Plaintiff has provided no substantive explanation for this failure, merely citing

"ongoing difficulties" without any attendant explanation. An extension of discovery in this case would unfairly expose the defendants to further factual inquiry aimed at justifying litigation against them over three (3) years after the underlying incidents are alleged to have occurred. Accordingly, this Court should deny the Plaintiff's motion for enlargement.

## CONCLUSION

For all of the above stated reasons, the Plaintiff's motion for enlargement of time to

conduct discovery should be denied.

Cornell Corrections of Rhode Island, Inc. and
Cornell Companies, Inc.,
By their Attorneys,

Dennis T. Grieco II #5057
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644
(401) 331-9304 (FAX)

TO: Thomas F. Cooley, Pro Se
ID W84908
Old Colony Correctional Center
1 Administration Rd.
Bridgewater, MA 02324

I hereby certify that on the 7th day of October, 2005, I mailed a true copy of the within to plaintiff, *pro se* at the above address.