UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THOMAS F. COOLEY,
Plaintiff

VS. C. A. NO. 04-338 S

CORNELL CORRECTIONS DONALD
W. WYATT, D.F. USA, ECT, ET AL,
Defendants

**CORNELL CORRECTIONS OF RHODE ISLAND, INC.'S AND CORNELL COMPANIES, INC.'S (WRONGFULLY DESIGNATED AS CORNELL CORRECTIONS DONALD W. WYATT OR CORNELL CORRECTIONS, U.S.A.) STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL RULE 12.1**

Cornell Corrections of Rhode Island, Inc. and Cornell Companies, Inc. hereby submit this statement of undisputed facts in support of their motion for summary judgment in the above-entitled action.

1. Plaintiff filed his complaint in this Court on or about August 9, 2004.

2. Plaintiff, Thomas F. Cooley was an inmate lawfully confined to the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island ("Wyatt").

3. The Plaintiff's complaint alleges injuries resulting from events occurring between April and August of 2002, during the course of his incarceration at the Wyatt Detention Facility. (Plaintiff's Complaint with Civil Cover Sheet, see attachments labeled Complaints # 1-4.)

4. Plaintiff asserts four claims arising out of the following allegations: that a nurse at the Wyatt Detention Facility improperly disclosed medical information pertaining to him to a correctional officer; that he was provided with a tube of toothpaste which he alleges was somehow contaminated; that he was assaulted by correctional officers when he was forcibly extracted from his cell due to his flooding of the cell and kicking of the cell door; and that he was

assaulted by another inmate for over one minute without receiving aid from the attending correctional officers. (Complaint ¶ IV and attachments labeled Complaints # 1-4.)

5. As a result of the incidents alleged in the complaint, Plaintiff alleges permanent physical injuries, as well as psychological harm and injury. Id.

6. The Plaintiff's Complaint designates as named defendants "Cornell Corrections Donald W. Wyatt" and "Cornell Corrections, U.S.A." (Complaint ¶ III.)

7. In his complaint the Plaintiff identifies "Cornell Corrections Donald W. Wyatt" as a "Federal Detention Facility." (Complaint ¶ III(B) (emphasis added).) The Plaintiff seeks relief for alleged "mistreatment of the Federal Inmates & the Federal Pre-Trial detainees while being confined at Donald W. Wyatt Detention Facility & Cornell Corrections." (Id. at V (emphasis added).) Finally, the Plaintiff refers to himself as a "Federal Detainee being held at the Wyatt Detention Center in Rhode Island" during the events of which he complains. (Id. at attachment labeled Complaint #1 (emphasis added).)

8. The Plaintiff caused a summons to be served at the Wyatt Facility which designated "Cornell Corrections, Inc." as the named defendant. (See **Exhibit A**, Process Receipt and Return with attached Summons.)[1] The summons directed to "Cornell Corrections, Inc." was delivered to Warden Wayne Salisbury at the Wyatt Facility at 950 High Street, Central Falls, Rhode Island. (See Exhibit A, Process Receipt and Return.) Warden Salisbury, however, was neither an officer nor a managing or general agent of Cornell Companies. (See Exhibit B, Affidavit of Wayne Salisbury ¶ 5.) Warden Salisbury was likewise not an agent authorized to receive service of process on behalf of Cornell Companies. Id. at ¶ 6. The summons directed to

1 The exhibits to which this document refers are attached to the Memorandum in Support of Cornell Corrections of Rhode Island, Inc.'s and Cornell Companies, Inc.'s (wrongfully designated as Cornell Corrections Donald W. Wyatt or Cornell Corrections, U.S.A.) Motion for Summary Judgment.

"Donald W. Wyatt Detention Center, Et, Al." was never delivered. (See Process Receipt and Return, attached hereto as Exhibit C.)

9. No legal entity by the name of "Cornell Corrections Donald W. Wyatt," "Cornell Corrections, U.S.A.," or "Cornell Corrections, Inc." currently exists or has existed since prior to 2000. (See **Exhibit B,** Affidavit of Wayne Salisbury ¶ 8.)

10. Cornell of RI operates the Wyatt Facility pursuant to a contract with the Central Falls Detention Facility Corporation. (See Exhibit B, Affidavit of Wayne Salisbury ¶ 2.) Cornell Companies is not a signatory to that contract. Id. at ¶ 3. The personnel that operate the Wyatt Facility are all employees or employees of subcontractors of Cornell of RI, and Cornell Companies is merely the corporate parent to its wholly owned subsidiary, Cornell of RI. Id. at ¶ 7, 3.

11. Cornell Corrections of Rhode Island, Inc. is a wholly owned subsidiary of Cornell Companies, Inc. (See **Exhibit B**, Affidavit of Wayne Salisbury ¶ 3.) Cornell Companies, Inc. was known as Cornell Corrections, Inc. prior to 2000 when it officially changed its name to Cornell Companies, Inc. Id. at ¶ 4; see Sarro, 248 F. Supp. 2d at 55, n. 1.

12. Both the summons and Complaint served in this action failed to designate the proper name of a legal entity against which recovery may be had.

13. In a prior lawsuit he filed in this Court, naming Cornell Corrections, U.S.A. as a defendant, Plaintiff was apprised of the fact that the legal and proper name of the Cornell parent company is Cornell Companies, Inc. (See Memorandum of Cornell of RI and Cornell Companies in Support of Objection to Plaintiff's Request for Entry of Default, at attachment labeled Exhibit C, Objection to Plaintiff's Request for Default in Thomas Cooley v. John H. Thomas, et al, C.A. No. 03-213ML (D.R.I. 2003).) Despite that direct knowledge, the Plaintiff

again failed to properly name Cornell Companies, Inc. as a defendant and instead, chose to again name a party defendant that he knew was improper.

Cornell Corrections of Rhode Island, Inc. and
Cornell Companies, Inc.
By their Attorneys,

Dennis T. Grieco II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644 - (401) 331-9304 (FAX)

**CERTIFICATION**

Thomas F. Cooley, Pro Se
I.D. W84908
Old Colony Correctional Center
1 Administration Rd.
Bridgewater, MA 02324

I hereby certify that on the 4th day of November 2005, a true and accurate copy of the within was served upon the above-named plaintiff.