UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THOMAS F. COOLEY

v.                                          C.A. No. 04-338 S

CORNELL CORRECTIONS,
DONALD W. WYATT, D.F.

### Report and Recommendation

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff Thomas F. Cooley, *pro se*, brought this action pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and/or 42 U.S.C. § 1983, and named as a defendant "Cornell Corrections, Donald W. Wyatt, D.F." Currently before the Court is the motion of Cornell Corrections of Rhode Island, Inc. ("Cornell RI"), and Cornell Companies, Inc. (Cornell TX), for summary judgement pursuant to Fed.R.Civ.P. 56. Plaintiff has <u>not</u> objected. This matter has been referred to me pursuant to 28 U.S.C. § 636 (b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend that Cornell RI and Cornell TX's motion for summary judgement be granted.

### Undisputed Facts

The following are the undisputed facts:

Plaintiff commenced this action on or about August 9, 2004, by filing a complaint with the Court. The plaintiff's complaint alleges injuries resulting from events occurring during the course

1

of his incarceration at the Donald Wyatt Detention Facility ("Wyatt"), in Central Falls, Rhode Island. Wyatt is operated and managed by Cornell RI and Cornell TX, private corporations.

In his complaint, Plaintiff alleges various misdeeds by correctional officers, inmates, and a nurse. Plaintiff, however, fails to mention any wrongdoing by Cornell RI and Cornell TX.

Cornell RI and Cornell TX have both moved for summary judgement contending, *inter alia*, that judgement should be entered in their favor because the plaintiff has failed to allege, or demonstrate, any facts connecting them to any wrongdoing. Plaintiff has <u>not</u> objected to the defendants' motion.

## A. Summary Judgment Standard

Summary judgment's role in civil litigation is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." <u>Garside v. Osco Drug, Inc.</u>, 895 F.2d 46, 50 (1st Cir. 1990). Summary judgment can only be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Rule 56 has a distinctive set of steps. When requesting summary judgment, the moving party must "put the ball in play, averring 'an absence of evidence to support the nonmoving party's

2

case.'" <u>Garside</u>, 895 F.2d at 48 (quoting <u>Celotex v. Catrett</u>, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554 (1986)). The nonmovant then must document some factual disagreement sufficient to deflect brevis disposition. Not every discrepancy in the proof is enough to forestall summary judgment; the disagreement must relate to some issue of material fact. See <u>Anderson v. Liberty Lobby Inc.</u>, 477 U.S. 242, 247-48 (1986).

On issues where the nonmovant bears the ultimate burden of proof, he must present definite, competent evidence to rebut the motion. <u>See id</u>. at 256-57. This evidence "cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a fact finder must resolve at an ensuing trial." <u>Mack v. Great Atl. & Pac. Tea Co.</u>, 871 F.2d 179, 181 (1st Cir. 1989). Evidence that is merely colorable or is not significantly probative cannot deter summary judgment. <u>Anderson</u>, 477 U.S. at 256-57.

Here, plaintiff has brought suit under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and/or 42 U.S.C. Section 1983. I shall discuss plaintiff's claims under each in turn, assuming *arguendo* that plaintiff's claims may be asserted under <u>Bivens</u> and Section 1983 against these private party defendants. See <u>Lacedra v. Donald W. Wyatt Detention Facility</u>, 334 F. Supp 2d 114 (D.R.I. 2004); <u>Sarro v. Cornell Corrections, Inc.</u>, 248 F. Supp 2d 52, 62-65 (D.R.I. 2003).

**B. Bivens Claims**

Plaintiff first appears to assert his claims under <u>Bivens v.</u> <u>Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Plaintiff's <u>Bivens</u> claims against Cornell RI and Cornell TX, however, should fail.

In <u>Bivens</u>, the United States Supreme Court recognized, for the first time, an implied private cause of action for damages against federal officers alleged to have violated a citizen's constitutional rights. <u>See</u> <u>id</u>. at 392. In order to maintain a <u>Bivens</u> action, a plaintiff must set forth facts detailing a deprivation of a federally protected right done or caused by "a federal agent acting under color of [federal] authority." <u>Id</u>. at 389.

In <u>Corr. Serv. Corp. v. Malesko</u>, 534 U.S. 61 (2001), the United States Supreme Court limited the applicability of <u>Bivens</u> as a remedy against a private corporations. The Supreme Court held in <u>Malesko</u> that <u>Bivens</u> claims may only be asserted against individual officers who commit unconstitutional acts, and not against their employer corporations. <u>Id</u>. at 70-72. This is because "[t]he purpose of <u>Bivens</u> is to deter individual federal officers from committing constitutional violations. ... For if a corporate defendant is available for suit, claimants will focus their collection efforts on it, and not the individual directly responsible for the alleged injury." <u>Id</u>. The purpose of <u>Bivens</u> is

4

to deter the individual officer.

Here, in his complaint, plaintiff alleges wrongdoing by individual defendants. Plaintiff, however, has not named any of those individuals as defendants. Rather, plaintiff directs his Bivens complaint at the corporate entities that manage and operate the Wyatt facility - Cornell RI and Cornell TX.   This is prohibited by Malesko.

Accordingly, I find that Cornell RI and Cornell TX's motion for summary judgement on plaintiff's Bivens claims should be granted.   I so recommend.

## C. 42 U.S.C. § 1983

To the extent that plaintiff brought this action pursuant to 42 U.S.C. § 1983, plaintiff's claims similarly should fail against Cornell RI and Cornell TX. Section 1983 provides, in pertinent part:

> Every person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.  In order to maintain a section 1983 action, the conduct complained of must be committed by a "person" acting under color of state law and the conduct must have deprived the

5

plaintiff of a constitutional right or a federal statutory right. Gomez v. Toledo, 446 U.S. 635, 640 (1980); see also Baker v. McCollan, 443 U.S. 137(1979) (constitutional deprivations); Maine v. Thiboutot, 448 U.S. 1 (1980) (statutory deprivations).

Here, plaintiff has alleged wrongdoing by various individuals. He has not, however, alleged any wrongdoing by Cornell RI or Cornell TX. Without alleging any wrongdoing by Cornell RI or Cornell TX, there is no basis to subject them to liability under Section 1983. Claims brought pursuant to Section 1983 may not be based upon a respondeat superior theory. See Bd. of County Comm'rs of Bryan County v. Brown, 520 U.S. 387, 03-404 (1997); Polk County v. Dodson, 454 U.S. 312, 326-27 (1981).

Accordingly, since plaintiff has failed to allege any wrongdoing by Cornell RI and Cornell TX, Cornell RI and Cornell TX's motion for summary judgement should be granted on plaintiff's Section 1983 claims. I so recommend.

### Conclusion

For the reasons stated above, I recommend that Cornell RI and Cornell TX's motion for summary judgement be granted. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to filed timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to

appeal the district court's decision. <u>United States v. Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986) (per curiam); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
July 25, 2006